## Buddy Sadler v. The State.

No. 19035.   Delivered May 26, 1937.

The opinion states the case.

*C. A. Holloway* and *Burnell Waldrep,* both of Clarksville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Robbery with firearms is the offense; penalty assessed at confinement in the penitentiary for twenty-five years.

The State's witness Hudson conducted a general merchandise store on the public highway. Lindsay, Chapman and the appellant entered the store at about eight o'clock at night and made some purchases, after which they compelled Hudson to take his truck and drive them in the direction of Clarksville, Texas. When they reached a point near Clarksville, Hudson was ordered to stop his truck. Appellant and Chapman left it and walked to an automobile which was parked on the side of the road, while Lindsay remained in the truck. Appellant and Chapman took charge of the parked automobile and drove it in the direction of Clarksville, taking with them the four young people who were in the automobile and at the same time giving instructions to Hudson to continue ahead of them in his truck. The truck and the automobile were stopped at a point about ten miles east of Clarksville. Chapman, Lindsay and appellant ordered the young people to get out of their car and get on the truck of Hudson. Appellant and his companions then drove

eastward in the automobile and directed their captives to get on the truck and drive westward to their homes.

The automobile taken by the appellant and his companions belonged to Donald Thomas. The automobile was found some days later near Shreveport, Louisiana. In taking possession of the car, appellant and Chapman told Thomas and his companions that they would not be injured if they did what they were told to do. Appellant drove Thomas' automobile to a point about ten miles east of Clarksville, at which place Thomas and his companions were ordered to get out of the car and get on the truck driven by Hudson. Appellant, Lindsay and Chapman then drove eastward in Thomas' car after commanding Thomas and his companions to get on the Hudson truck and drive back to Clarksville.

Appellant did not testify upon the trial. However, he entered a plea of guilty to the offense charged.

In a bill of exception appellant contends that he made an agreement with the county attorney to the effect that he would plead guilty and accept a sentence of twenty-five years in the penitentiary upon the condition that the sentence would be made to run concurrently with a prior sentence of twenty-five years which he had recently received at a trial in the District Court of Cass County. The trial judge qualified the bill with the statement that he was not advised of any agreement of the nature mentioned until after the case was tried; that he would not have approved such an agreement even if he were aware of it. The court declined to let the appellant's sentence run concurrently until after he had served ten years of his sentence received in the case tried in Cass County. As qualified the bill fails to show error.

No error appearing which would justify a reversal of the conviction, the judgment of the trial court is affirmed.

*Affirmed.*